# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DAVID CHAPA, JR.,

           Plaintiff,

v.

ALASKA REGIONAL HOSPITAL, *et al.*,

           Defendants.

Case No. 3:25-cv-00230-SLG

## **SCREENING ORDER & ORDER DIRECTING SERVICE**

On September 19, 2025, self-represented litigant David Chapa, Jr. ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] On October 4, 2025, Plaintiff filed a First Amended Complaint ("FAC").[2] An amended complaint replaces the prior complaint in its entirety.[3] Accordingly, the Court only addresses the claims set forth in the FAC.

The Court has now screened Plaintiff's FAC in accordance with 28 U.S.C. § 1915(e). The FAC brings federal and state claims against Alaska Regional Hospital, Denali Emergency Medicine Associates, PC, and Cornerstone Credit Services, LLC, related to emergency medical billing, debt collection, and credit

---

[1] Dockets 1-3.

[2] Docket 4.

[3] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

reporting stemming from medical services Plaintiff alleges that he received at the Alaska Regional Hospital emergency room on April 20, 2024.

Liberally construed,[4] the FAC contains some plausible claims that are "sufficient to meet the low threshold for proceeding past the screening stage."[5] However, as explained below, Plaintiff's claims under 42 U.S.C. § 1983 and his claims of criminal violations of Title 18 of the United States Code must be dismissed. Additionally, because a non-attorney self-represented litigant can only represent his own interests, any requests for class-wide relief cannot be maintained.

Plaintiff's remaining claims may proceed to the next stage of litigation. The Court has jurisdiction under 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### 1. Application to Waive the Filing Fee

Upon review, the Court finds that Plaintiff has not demonstrated that he lacks the ability to pay any of the filing fee. Plaintiff's application indicates that Plaintiff currently earns $5,400 per month gross, $3,600 net. He has no dependents. He has considerable retirement funds but indicates they are not readily accessible to him. Based on this information, the Court finds that a reduced filing fee is

---

[4] *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (noting that court are obligated to construe complaints filed by self-represented litigants liberally and afford them the benefit of the any doubt).

[5] *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 2 of 13
Case 3:25-cv-00230-SLG     Document 6     Filed 02/02/26     Page 2 of 13

warranted. Plaintiff's application to waive the filing fee at Docket 3 is GRANTED in part. Plaintiff must pay a partial filing fee of $202.50 within 30 days of the date of this order to proceed with this case.

## 2. Screening Standard

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[6] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[7]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[8] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[9] Although generally, the scope of review is limited

---

[6] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 10 76 (9th Cir. 2014) (en banc).

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[9] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 3 of 13
Case 3:25-cv-00230-SLG   Document 6   Filed 02/02/26   Page 3 of 13

to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[12] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

### 3. Plaintiff cannot represent a class

Plaintiff titled his filing as "First Amended Complaint for Damages, Compensatory Relief, and Class Certification[.]"[14] Although he does not specifically allege claims on behalf of other individuals, he "reserves the right to seek collective

---

marks and citation omitted).

[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[11] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[12] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[13] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[14] Docket 4 at 1.

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 4 of 13
Case 3:25-cv-00230-SLG   Document 6   Filed 02/02/26   Page 4 of 13

or class wide relief under Rule 23" in his request for relief.[15] However, a non-attorney self-represented litigant can represent only his own interests.[16] Plaintiff has "no authority to appear as an attorney for others than himself."[17] Accordingly, the Court only considers the claims of Plaintiff personally.

### 4. *Plaintiff cannot bring criminal claims in a civil case*

Title 18 of the United States Code sets forth criminal offenses and penalties enforceable by government prosecutors and generally does not create a private right of action.[18] One of Plaintiff's Title 18 claims may be viable; Count IV alleges a violating of 18 U.S.C. § 1962(c) and (d), which are the Civil RICO statutes. But the remaining Counts alleging violations of federal criminal laws, Count V (Mail and Wire Fraud), Count VI (Hobbs Act Extortion), and Count XVII (Extortion) must all be dismissed.[19] Further, granting leave to amend as to these claims would be futile so this dismissal will be with prejudice.

---

[15] Docket 4 at 37.

[16] 28 U.S.C. § 1654.

[17] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity).

[18] *Cf. Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . , a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

[19] The inclusion of the Hobbs Act and Mail and Wire Fraud statutes as predicate crimes to a civil RICO claim does not support a finding that a violation of these statutes creates a private civil right of action. *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020).

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 5 of 13
Case 3:25-cv-00230-SLG    Document 6    Filed 02/02/26    Page 5 of 13

### 5. Plaintiff's Civil Rights Claims under Section 1983

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[20] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[21] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[22] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[23]

The "color of law" or "state actor" requirement is "a jurisdictional requisite for a Section 1983 action."[24] A plaintiff bears the burden of establishing that a defendant is a state actor, and there is a presumption that private individuals and entities do not act under the "color of state law" within the meaning of § 1983.[25]

---

[20] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)).

[22] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995).

[23] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[24] *Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 921 (9th Cir. 2011) (quoting *Gritchen v. Collier,* 254 F.3d 807, 812 (9th Cir. 2001)); *Anderson v. Warner,* 451 F.3d 1063, 1067 (9th Cir. 2006); *see also Sampson v. County of Los Angeles,* 974 F.3d 1012, 1018 (9th Cir. 2020).

[25] *Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 922 (9th Cir. 2011). *See also Morrison v. Clinic,* 703 F. Supp. 3d 1245, 1251 (D. Mont. 2023) (citing *Briley v. State of Cal.,* 564 F.2d 849, 855-56 (9th Cir. 1977) (noting that "private hospitals and

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 6 of 13

Case 3:25-cv-00230-SLG   Document 6   Filed 02/02/26   Page 6 of 13

Here, Defendants are private companies, not state actors. Plaintiff appears to allege that these private companies are state actors because they were acting pursuant to certain Alaska laws and regulations.[26] These allegations are insufficient to establish that Plaintiff is entitled to damages under Section 1983 for alleged violations of his constitutional rights by these private actors. Therefore, Counts XI, XII, XIII, XIV, XV, and XVI of the FAC must all be dismissed. Further, granting leave to amend as to these claims would be futile; therefore, these claims must all be dismissed with prejudice.

The Court expresses no opinion at this time on the viability of any of the other numerous causes of action asserted by Plaintiff in this action or whether this Court should continue to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS THEREFORE ORDERED:**

1. Plaintiff must ensure that service of process of the First Amended Complaint, the Court-issued summons, and a copy of this order is completed on

---

physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section").

[26] See, e.g. Docket 4 at 32, ¶ 129 (asserting that Defendants' debt collection practices were pursuant to "Alaska's regulatory scheme and set forth the factual basis for state action"). *See also* Docket 4 at 32, ¶ 130 ("Defendants, acting pursuant to the statutory authority granted by AS 08.18.071 and AS 08.18.501-.591, functioned as state actors when making binding determinations regarding Plaintiff's insurance status and billing obligations.").

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 7 of 13
Case 3:25-cv-00230-SLG    Document 6    Filed 02/02/26    Page 7 of 13

each Defendant in accordance with the Federal Rule of Civil Procedure 4 no later than **ninety (90) days from the date of this order**.

2. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED in part. Plaintiff must pay a partial filing fee of $202.50 within 30 days of the date of this order.** Failure to timely make this payment may result in this dismissal of this action.

3. Plaintiff's claims under Title 18 of the United States Code, apart from the civil RICO claim in Count IV, are **DISMISSED with prejudice for failure to state a claim—Claims V, VI, and XVII.**

4. Plaintiff's claims under 42 U.S.C. § 1983 are **DISMISSED with prejudice for failure to state a claim—Claims XI, XII, XIII, XIV, XV, and XVI.**

5. The Clerk of Court shall send three summons forms (AO 440) to Plaintiff with this order.

6. Plaintiff must complete and return each summons form to the Court **within 30 days of the date of this order.**

7. If Plaintiff has properly completed each of the summons forms, they will be issued by the Clerk and returned to Plaintiff. Plaintiff should retain a copy of each Court-issued summons.

8. Plaintiff must follow Federal Rule of Civil Procedure, Rule 4(h) to properly effectuate service of the First Amended Complaint, the Court-issued

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 8 of 13

Case 3:25-cv-00230-SLG   Document 6   Filed 02/02/26   Page 8 of 13

summons, and a copy of this order, on each Defendant. Rule 4(h) describes the options for serving a corporation, partnership, or association as follows.

9. In the event Plaintiff elects to serve a Defendant(s) pursuant to Federal Rule 4(h)(1)(A) or Federal Rule 4(e)(1), Plaintiff must follow Alaska state law. The Alaska Court System provides a handbook for serving summonses in a civil lawsuit on its website at: https://courts.alaska.gov/forms (Form CIV-106).

10. The requirements of service are not considered met unless proof of service is filed with the Court within **ninety (90) days from the date of this order**.[27]

11. Each Defendant shall have **21 days** after being served with the Complaint, Court-issued summons, and a copy of this order to file an Answer or otherwise respond.

12. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of Plaintiff and name of the first Defendant, and the title of the document, as illustrated on the first page of this order.[28]

13. All documents filed conventionally with the Court must contain an original signature.[29] Although handwritten filings are permitted, each filing must be

---

[27] Fed. R. Civ. P. Rule 4(l)(1).

[28] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[29] Fed. R. Civ. P. 11.

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 9 of 13
Case 3:25-cv-00230-SLG    Document 6    Filed 02/02/26    Page 9 of 13

legible, double-spaced, have margins of at least one inch around all text, and be the equivalent to at least 13-point font size with spacing between each line.[30]

14. Self-represented litigants must file all documents conventionally, unless otherwise permitted by an order of the Court.[31] When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document in the electronic case file for the case.

15. After an appearance has been entered by counsel for a Defendant, the Court's NEF ("Notice of Electronic Filing") constitutes service of a filed document on all registered CM/ECF users in this case.

16. Parties who are not registered CM/ECF users and all self-represented parties must be served conventionally.[32]

17. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document

---

[30] *See* Local Civil Rule 7.5.

[31] Local Civil Rule 5.3.

[32] Local Rule 5.1 (requiring all documents filed electronically to comply with the Court's *Electronic Filing Procedures Guide* available on the court's website); *see also* U.S. District Court for the District of Alaska, Electronic Case Filing Guide, https://www.akd.uscourts.gov/sites/akd/files/ref_atty_electronicpolicy.pdf (last accessed Jan. 21, 2026) ("Service must be affected conventionally (non-electronic) on *pro se* parties."). *See also* Local Rule 1.1(b)(5) (defining conventional filing as "physically filing a document (i.e. a paper copy) or other item (such as a thumb drive or other physical exhibit) directly with the Clerk, rather than filing electronically via CM/ECF.").

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 10 of 13
Case 3:25-cv-00230-SLG   Document 6   Filed 02/02/26   Page 10 of 13

was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

      18.    Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[33] Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records ("PACER") service. If a plaintiff chooses to access court records electronically through PACER, the fee is $0.10 per page retrieved, and the charge for any single document has a cap of $3.00, which is equivalent to 30 pages.[34] PACER does not charge for access until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.[35] In the event of special circumstances or serious financial need, a litigant may ask for copying costs to be waived or reduced, but must do so prior to accruing charges.[36]

---

[33] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a) (adopting a schedule of fees for copying and related services provided by the United States District Courts).

[34] PACER, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed Jan. 21, 2026).

[35] PACER, Pricing Frequently Asked Questions, https://pacer.uscourts.gov/help/faqs/pricing (last accessed Jan. 21, 2026).

[36] *See* PACER, Options to Access Records if You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed Jan. 21, 2026).

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 11 of 13
Case 3:25-cv-00230-SLG    Document 6    Filed 02/02/26    Page 11 of 13

19. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[37] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

20. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to a case. Self-represented litigants may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

21. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[38]

---

[37] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

[38] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 12 of 13
Case 3:25-cv-00230-SLG   Document 6   Filed 02/02/26   Page 12 of 13

DATED this 2nd day of February, 2026, at Anchorage, Alaska.

                                                        */s/ Sharon L. Gleason*
                                                        SHARON L. GLEASON
                                                        UNITED STATES DISTRICT JUDGE

---

procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00230-SLG, *Chapa v. Alaska Regional Hospital, et al.*
Screening Order & Order Directing Service
Page 13 of 13
        Case 3:25-cv-00230-SLG    Document 6    Filed 02/02/26    Page 13 of 13