**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

DAVID CHAPA, JR.,

                    Plaintiff,

          v.                                    Case No. 3:25-cv-00230-ACP

ALASKA REGIONAL HOSPITAL, *et al.,*

                    Defendants.

## ORDER ON PENDING MOTIONS

Pending before the Court are several motions filed by self-represented litigant David Chapa, Jr. ("Plaintiff") in the above-captioned case. On February 13, 2026, Plaintiff filed a motion for service of process by the United States Marshal Service.[1] On May 5, 2026, Plaintiff filed three documents he characterizes as a "comprehensive motion addressing four related but independent forms of relief."[2] For the reasons set forth below, the motions are resolved as follows.

### I.     Service of Process

Rule 4 of the Federal Rule of Civil Procedure permits the Court to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman

---

[1] Docket 8.

[2] Dockets 10-14.

under 28 U.S.C. §1916."[3] But mindful that Rule 4 was amended to reduce the burden of serving civil process in private litigation on the Marshal,[4] the Court does not routinely order the Marshal to serve process. Instead, in cases filed by prisoners and cases where the full filing fee is paid, the Court will order service by the Marshal only after other attempts at service have failed,[5] and in cases where the plaintiff is proceeding IFP, the Court will not order Marshal service in cases where the plaintiff is proceeding IFP absent a specific request.[6]

On February 2, 2026, the Court granted Plaintiff's application to waive the filing fee in part.[7] After finding that Plaintiff did not demonstrate an inability to pay the full filing fee, the Court ordered Plaintiff to pay only a partial filing fee.[8] On February 13, 2026, Plaintiff filed a motion for service of process by the Marshal.[9] On March 3, 2026, the Clerk received completed summons forms, that were issued by the Clerk and returned to Plaintiff.[10] Plaintiff renewed his request for Marshal

---

[3] Fed. R. Civ. P. 4(c)(3).

[4] Fed. R. Civ. P. 4 advisory committee's note (1993) (reprinted in 93 F.R.D. 255, 262).

[5] *Cf. In the Matter of Procedures for Service of Process in Prisoners' Civil Rights Actions,* Misc. Gen. Order No. 769 (D. Alaska Dec. 14, 1994), https://www.akd.uscourts.gov/sites/akd/files/MGO%20769.pdf.

[6] Fed. R. Civ. P. 4 ("*At the plaintiff's request*, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916.") (emphasis added).

[7] Docket 6.

[8] Docket 6.

[9] Docket 8.

[10] Docket 9.

service in the filings received on May 5, 2026.[11]

A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities; and a part of the Court's responsibility is "to see that [its] resources are allocated in a way that promotes the interests of justice."[12] Accordingly, the Court cannot issue orders and rulings purely on the best timeline for a litigant. Further, considering Plaintiff paid a partial filing fee,[13] appears to have identified the registered agent for each corporate Defendant,[14] and has received Court-issued summons,[15] the Court presumed that Plaintiff would attempt service himself before enlisting government resources to effect service of process in this matter.

Plaintiff claims he "does not have the financial resources to arrange for private process servers and lacks the ability to effect timely service on multiple defendants located at different addresses."[16] However, service may be completed by "[a]ny person who is at least 18 years old and not a party[,]"[17] and Plaintiff has

---

[11] Docket 10.

[12] *In re McDonald,* 489 U.S. 180, 184 (1989) (per curiam). *See also O'Loughlin v. Doe,* 920 F.2d 614, 618 (9th Cir. 1990) ("[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

[13] $202.50, receipt number 100023010.

[14] *See* Dockets 9 – 9-2.

[15] Docket 9.

[16] Docket 8 at 1.

[17] Fed. R. Civ. P. 4(c)(2).

Case No. 3:25-cv-00230-ACP, *Chapa v. Alaska Regional Hospital, et al.*
Order on Pending Motions
Page 3 of 14

apparently not contemplated less expensive authorized means—such as requesting a waiver of service or using certified mail, restricted delivery.[18]

Nevertheless, the Court's finding that Plaintiff may proceed IFP in this action[19] does entitle him to service of process by the U.S. Marshal Service, pursuant to 28 U.S.C. § 1915(d).[20] Therefore, Plaintiff's motion for service of process by United States Marshal at **Docket 8 is GRANTED**.[21] Plaintiff's requests regarding service in Docket 10 are DENIED as moot.

**Plaintiff is cautioned that while he is entitled to have service of process performed by the Marshal without advance payment, those costs are not permanently waived.**[22] Congress requires the Marshal to charge for making or attempting such service.[23] Although Congress requires the Court to order service by the Marshal in cases where a plaintiff is proceeding IFP, it has not

---

[18] *See* Rule 4 of the Federal Rules of Civil Procedure.

[19] *See* Docket 6 (granting Plaintiff's application to waive the filing fee in part).

[20] *Cf. Hymas v. U.S. Department of the Interior,* 73 F.4th 763 (2023) (confirming that the IFP statute permitted district court to require unemployed non-prisoner to pay partial filing fee in civil action).

[21] Docket 8.

[22] *Cf. Tedder v. Odel,* 890 F.2d 210, 211-12 (9th Cir. 1989) (concluding that even after a court has permitted a plaintiff to proceed IFP and waived the filing fee, 28 U.S.C. § 1915 does not authorize waiver of other fees and costs).

[23] 28 U.S.C. § 1921(a). *See also* 28 C.F.R. 0.114 (establishing the amount of fees charged).

made any provision for either the Court or the Marshal to waive the costs associated with service.[24]

Additionally, it remains Plaintiff's responsibility to make reasonable efforts to identify each Defendant and provide accurate and sufficient information about each Defendant's address to enable the Marshal to serve the summons and complaint. Neither the Court nor the Marshal is required to undertake investigations on a plaintiff's behalf. Failure to provide adequate information or to take steps to correct deficiencies in service may result in dismissal of the action.[25]

To allow ample time for the Marshal to attempt to effect service on each Defendant, Plaintiff must return the completed summons forms[26] and USM-285 forms to the Clerk of Court for issuance by the Clerk **within thirty (30) days of the date of this order. The Marshal will not provide service of process if Plaintiff fails to comply with this Order.**

In the alternative, Plaintiff may elect to pursue service on each defendant without the assistance of the Marshal in any manner compliant with Rule 4 of the Federal Rules of Civil Procedure. If Plaintiff elects this alternative, Plaintiff shall file a notice with the Court **within thirty (30) days from the date of this order**, notifying the Court that Plaintiff will not be using the Marshal to serve Defendants.

---

[24] 28 U.S.C. § 1921(a).

[25] Fed. R. Civ. P. 4(m). *See also Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir. 1990); *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds.

[26] If a summons is not timely delivered or mailed, a new summons must be issued.

Case No. 3:25-cv-00230-ACP, *Chapa v. Alaska Regional Hospital, et al.*
Order on Pending Motions
Page 5 of 14

## II.    Plaintiff's "Comprehensive Motion"

Plaintiff submitted a four-part request split across two separate motions, both featuring an identical preliminary statement,[27] and a separate filing containing attachments.[28] Due to the multi-part structure, each motion was entered into the electronic record twice. To ensure an orderly record, the Court clarifies the docket as follows:

- Docket 10 contains Parts I and II of Plaintiff's motion.

- Docket 11 is an identical duplicate of Docket 10.

- Docket 12 contains Parts III and IV of Plaintiff's motion.

- Docket 13 is an identical duplicate of Docket 12.

- Docket 14 is Plaintiff's Notice of Attached Exhibits and 38 pages of attachments.[29]

The Court recognizes that documents filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency toward those without legal training.[30] However, this leniency does not require the Court to rewrite deficient pleadings or motions.[31] Nor can the Court provide legal advice or act as a party's attorney.[32] Self-represented litigants are expected to

---

[27] Dockets 10-13 at 1-6.

[28] Docket 14.

[29] Docket 14-1.

[30] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[31] *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[32] *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976).

review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[33]

Alaska Local Civil Rule 7.1(a) requires that all written motions include "a brief statement of the requested relief" and "a brief discussion" of supporting authorities.[34] Except for alternative requests for relief or as otherwise provided by rule or order of the Court, each motion must only contain one request for relief.[35] For nondispositive motions—motions that do not resolve the main claims or end the case—a litigant must include a proposed order that the Court can issue if the motion is granted.[36] The proposed order must set forth the precise relief the party is seeking in his motion to help clarify what the moving party is asking the Court to order.

Plaintiff's motions span across multiple docket entries and include multiple requests for relief. Plaintiff seeks, among other things, leave to conduct expedited, pre-service discovery directed to various third parties, pre-service discovery

---

[33] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[34] Alaska Local Civil Rule 7.1.

[35] Local Civil Rule 7.1(e); *see also* Local Civil Rule 5.1(f)(2).

[36] Local Civil Rule 7.1(b).

Case No. 3:25-cv-00230-ACP, *Chapa v. Alaska Regional Hospital, et al.*
Order on Pending Motions
Page 7 of 14
Case 3:25-cv-00230-ACP     Document 15     Filed 05/28/26     Page 7 of 14

directed to Defendants, and a preservation order.

Plaintiff's motions at **Dockets 10-14 are DENIED as procedurally improper.** Further, having reviewed the filings, the Court concludes that it is premature at this pre-service stage to engage with the merits or to resolve the complex factual and accounting issues embedded within Plaintiff's requests without the benefit of adversarial briefing from Defendants. However, the Court will briefly address Plaintiff's requests related to discovery.

### A. Discovery

Rule 26(d) governs the timing and sequence of discovery, and courts have consistently interpreted this to mean that the normal discovery process begins after service of the complaint and summons.[37] Formal discovery is generally not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Courts in the Ninth Circuit may permit early discovery when a plaintiff has established "good cause."[38] Good cause is established "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."[39]

The record reflects that government custodians have acknowledged

---

[37] Fed. R. Civ. P. 26(d)(1). Courts in the Ninth Circuit have carved out a narrow exception allowing limited preservice discovery when a plaintiff needs to identify unknown defendants, which is not applicable here. *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) (explaining that early discovery is precluded if it is not likely to provide the identity of a defendant).

[38] *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 275–76 (N.D. Cal. 2002).

[39] *Id.*

Plaintiff's requests and, in some instances, produced records, without any showing of obstruction by Defendants. Because Plaintiff has not succinctly shown that the discovery he seeks is necessary prior to a Rule 26(f) conference, **Plaintiff's request for expedited discovery is DENIED.**

Further, at this early stage of the litigation when Defendants have not appeared, Plaintiff's request to preserve evidence is premature. Parties are under an ongoing duty to preserve evidence which they know—or reasonably should know—is relevant to an action. This obligation, backed by the Court's power to impose sanctions for the destruction of such evidence, is generally sufficient to secure the preservation of relevant evidence.[40] Plaintiff's own filings assert that the duty to preserve has already been triggered,[41] and the circumstances of this case do not necessitate deviation from standard procedures.[42] Therefore, Plaintiff's request for a **preservation order is also DENIED.**

After a Defendant has been properly served and has filed an answer or other response to a Plaintiff's Complaint, the Court will issue an order setting a schedule for discovery and dispositive motions. Parties may only file motions concerning discovery issues after seeking, in good faith, to resolve any discovery disputes

---

[40] *See Chambers v. Nasco, Inc.,* 501 U.S. 32, 43-46 (1991).

[41] Docket 12 at 6

[42] See *Oracle Am., Inc. v. Hewlett Packard Enter. Co.,* 328 F.R.D. 543, 549 (N.D. Cal. 2018) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.") (citation omitted)

independently.[43]

## B. Third-party discovery

Plaintiff is entitled to seek documentary evidence from third parties via the issuance of a subpoena duces tecum under Federal Rule of Civil Procedure 45, which would be served by the Marshal given that plaintiff is proceeding IFP. However, Plaintiff is cautioned that discovery will be limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents. Additionally, directing the Marshal to expend its resources personally serving a subpoena is not taken lightly by the Court. In this case, the Court has concerns about futility, and the Court will not send the Marshal on a fishing expedition.

Plaintiff's **request for third-party discovery is DENIED**. After service, Plaintiff may file a renewed motion for third-party discovery that includes:

1. For each third-party recipient:

   a. a finalized proposed subpoena with specific requests;

   b. an explanation of why the information cannot be obtained through regular discovery after the Rule 26(f) conference;

   c. a statement of good cause addressing scope, relevance, timing, and proportionality; and

---

[43] *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *see also* District of Alaska Local Civil Rule 37.1. ("The certification required by Fed. R. Civ. P. 37(a)(1) must be in the first paragraph of a discovery motion.").

> > d. identification of applicable Touhy regulations and Plaintiff's plan to comply.

> 2. A proposed protective order addressing confidentiality, HIPAA/Privacy Act constraints, and use limitations; and, for any request implicating protected health information, narrowly tailored fields or redaction protocols to avoid unnecessary disclosure.

The Court will consider authorizing service of specific subpoenas consistent with Rule 26(d)(1) and Rule 45 only after Defendants have had an opportunity to respond.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion for service of process by the U.S. Marshal Service at **Docket 8 is GRANTED**.

2. Plaintiff's motions at **Docket 10-13 are DENIED without prejudice**.

3. **The U.S. Marshal Service fee may be taxed as costs in this case, pursuant to 28 U.S.C. §§ 1920(1) and 1921(a)(1)(A) and included in the judgment.**

4. Plaintiff shall file a notice with the Court **within 30 days of the date of this order** if he elects to effect service by means other than the U.S. Marshal Service, in which event, the sections of this order regarding service by the U.S. Marshal Service detailed below shall not apply.

5. Plaintiff shall proceed with the steps outlined in this order to ensure that service of process on each of the defendants is completed **no later than**

**ninety (90) days from the date of this order**.[44] This means that no later than 90 days from the date of this order, Plaintiff must complete initial service of the Complaint and Summons on each of the three defendants. All service shall be made in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure.

6. **The Clerk of Court shall provide three summons forms and three U.S. Marshals Service Process Receipt and Return forms (USM-285) to Plaintiff with this order.**

7. After Plaintiff completes the required forms, he should mail (1) each of the completed summons forms; (2) each of the U.S. Marshal's Service of Process Receipt and Return (USM-285) forms; (3) three copies of the complaint to the Court at the following address; and (4) three copies of this order to:

U.S. District Court
222 West 7th Avenue, #4
Anchorage, Alaska 99513

If the summonses have been properly completed, they will then be issued by the Clerk of Court for service.

8. Plaintiff must return the completed summons forms and USM-285 forms to the Clerk of Court for issuance by the Clerk **within thirty (30) days of the date of this order.**

---

[44] *See* Fed. R. Civ. P. 4(m).

9.   After issuing the summons(es), the Clerk of Court must send the issued summons forms, completed USM-285 forms, the required copies of the Complaint, and copies of this Order to:

United States Marshal Service
222 West 7th Avenue, Box 28
Anchorage, Alaska 99513

10.   **The U.S. Marshal shall then take all reasonable steps to promptly effect service in this case.**[45]

11.   If service by registered or certified mail is unsuccessful, the Marshal shall attempt to personally serve each defendant.

12.   After each of the defendants is served, the Marshal must provide the Court with proof of service by submitting an affidavit.[46]

13.   In the event the Marshal is unable, for any reason whatsoever, to effect service, the Marshal is directed to file a declaration or affidavit with the Court that describes his efforts to serve each defendant and reasons for the lack of success to effect service.

14.   The requirements of service are not completed until the proof of service has been submitted to the Court within **ninety (90) days of this order.**

---

[45] Fed. R. Civ. P. 4(c)(3) (providing "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.  The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]").

[46] Fed. R. Civ. P. Rule 4(l)(1).

Case No. 3:25-cv-00230-ACP, *Chapa v. Alaska Regional Hospital, et al.*
Order on Pending Motions
Page 13 of 14
Case 3:25-cv-00230-ACP   Document 15   Filed 05/28/26   Page 13 of 14

15. After an appearance has been entered by counsel for any Defendant, the Court's NEF constitutes service of the filed document on all registered CM/ECF users in this case.

16. Parties who are not registered CM/ECF users and all self-represented parties must be served conventionally.

17. **The Clerk shall send a copy of this order to the Marshal.**

DATED this 28th day of May, 2026, at Anchorage, Alaska.

*/s/ Aaron Christian Peterson*
AARON CHRISTIAN PETERSON
UNITED STATES DISTRICT JUDGE